Case 2:21-sw-00126-DB   Document 2   Filed 02/24/21   Page 1 of 2

McGREGOR W. SCOTT
United States Attorney
SAM STEFANKI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America



**FILED**

Feb 24, 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA



IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH FACEBOOK USER ID 100011985227160 THAT IS STORED AT PREMISES CONTROLLED BY FACEBOOK | CASE NO. 2:21-sw-0126 DB<br><br>APPLICATION FOR ORDER COMMANDING FACEBOOK NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF SEARCH WARRANT<br><br>**UNDER SEAL** |

The United States requests that the Court order Facebook, Inc. ("Facebook") not to notify any person (including the subscribers and customers of the account listed in the search warrant) of the existence of the attached search warrant for 180 days from the date of the Court's Order.

Facebook is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached search warrant, which requires Facebook to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached search warrant relates to an ongoing criminal investigation, the scope and focus of which is neither public nor known to all of the target of the investigation, and its disclosure may alert the target to the ongoing investigation.

Accordingly, there is reason to believe that notification of the existence of the attached search warrant will seriously jeopardize the investigation or unduly delay a trial, including by giving the targets an opportunity to destroy or tamper with evidence, change patterns of behavior, intimidate potential witnesses, or endanger the life or physical safety of an individual. *See id.* § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the search warrant, the subjects under investigation could destroy that evidence.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Facebook not to disclose the existence or content of the attached search warrant for 180 days from the date of the Court's order, except that Facebook may disclose the attached search warrant to an attorney for Facebook for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Dated: February 23, 2021

McGREGOR W. SCOTT
United States Attorney

By: /s/ SAM STEFANKI
SAM STEFANKI
Assistant United States Attorney